# JANUARY, 1925.

---

### G. A. JOHNSON v. THE STATE.

#### No. 9142.   Delivered January 14, 1925.

#### Rehearing denied March 18, 1925.

**Driving Auto Intoxicated—Judgment Reformed.**

> There is no statement of facts nor bills of exception in the record, but it appears that the judgment is not responsive to the charge set out in the indictment and submitted by the court to the jury, in that it finds appellant guilty of driving a motor vehicle while under the influence of intoxicating liquor without reciting that he was driving it upon a public highway of this state. The judgment will therefore be reformed so as to adjudge appellant guilty of driving a motor vehicle upon a public highway of this state while intoxicated.

Appeal from the Criminal District Court of Williamson County. Tried below before the Hon. Jas. R. Hamilton, Judge.

Appeal from a conviction for driving an automobile upon a public highway in this State while under the influence of intoxicating liquor: penalty, ninety days. in the county jail and a fine of $100.00.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Williamson county of driving an automobile while intoxicated, and his punishment fixed at ninety days in the county jail and a fine of $100.00.

The record is before us without a statement of facts or bill of exceptions. The indictment appears to sufficiently charge the offense. We observe, however, that the judgment finds appellant guilty of the offense of driving a motor vehicle while under the influence of intoxicating liquor. It is not an offense for one to so drive such vehicle except upon a public highway. The judgment will be reformed so as to adjudge the defendant guilty of driving a motor vehicle upon a public highway of this State while intoxicated, and as reformed, there being no error in the record, an affirmance will be ordered.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant complains of our reforming the judgment, and seems to base his objection upon the fact that there was no statement of facts in the record upon which we could base our said action. Elaborating our original opinion, we now state that the indictment charged appellant with operating and driving a motor vehicle on a certain public highway, etc. while under the influence of intoxicating liquor. The charge of the court which appears in the record instructs the jury to find appellant guilty if they believe beyond a reasonable doubt that he did ''then and there unlawfully operate or drive a motor vehicle, x x x upon a certain public highway in said county and State, etc. We further note that the verdict of the jury was that they found appellant guilty as charged in the indictment, etc.

In this condition of the record we have no doubt of the correctness of our holding that the judgment rendered should have been responsive to the verdict, charge and indictment, and that said judgment having omitted to state that appellant was found guilty of operating a motor vehicle upon a public highway, it became our duty to reform same and make it so appear responsive to the finding of jury in their verdict.

Believing the case correctly disposed of in our original opinion, the motion for rehearing will be overruled.

*Overruled.*